IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE OWRUTSKY, | Civil Action |
| Plaintiff, | No. |
| v. | |
| NEW CONCEPT TECHNOLOGY, LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

## **CIVIL COMPLAINT**

Plaintiff, Danielle Owrutsky, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 42 U.S.C. §1331.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5, as amended, and:

   a. Plaintiff filed a timely written charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission on November 10, 2021 and cross filed with the Pennsylvania Human Relations;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated

1

       July 15, 2022; and

   c.      This action was filed with this Court within 90 days of receipt of that Notice.

## II. Parties

3. Plaintiff, Danielle Owrutsky, ("Owrutsky") is an individual who resides at 975 Pleasant Grove Road, York County, Red Lion, PA 17356.

4. Defendant, New Concept Technology, ("Defendant") is a Pennsylvania Corporation whose principle place of business is located at 320 Busser Road, York County, Emigsville, PA 17318. At all times relevant hereto, Defendant was Owrutsky's employer and also an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e(b).

## III. Factual Background

5. Owrutsky began working for Defendant on May 14, 2021 as an Assembly Technician and Operator.

6. During Owrutsky's employment, an older female coworker, Kamala Garrison, would make unwelcome gestures toward her, such as putting her arm around Owrutsky and making sexual jokes about Owrutsky.

7. Ms. Garrison has also sent Owrutsky late-night text messages asking for pictures of her body and once suggested Owrutsky use her chapstick to keep her lips "good for kissing."

8. On October 6, 2021, Ms. Garrison asked Owrutsky out for drinks.

Owrutsky explained that she was not old enough to drink and that she was uncomfortable by Ms. Garrison's unwelcome touching.

9. On October 7, 2021, Owrutsky reported her concerns to Defendant's HR Representative, Krista Vaught and Defendant's HR Manager, Cindy Eshelman. Owrutsky explained to Ms. Vaught and Ms. Eshelman that Ms. Garrison's constant unwelcome gestures, jokes, inappropriate text messages, and asking Owrutsky out to drink felt like she was trying to groom Owrutsky.

10. The HR Representatives sent Owrutsky home for the day without asking her to fill out a formal claim against Ms. Garrison.

11. Defendant fired Owrutsky on October 8, 2021, for allegedly falsifying evidence and disrupting the workplace, stating that Owrutsky initiated contact with Ms. Garrison.

12. Ms. Eshelman justified Ms. Garrison's behavior by saying it was simply an argument that got out of hand. Ms. Garrison was never reprimanded and continues to work for Defendant.

**Count I**
**Sexual Harassment/Hostile Work Environment**

13. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 12, as if fully set forth herein.

14. The unwanted and unwelcome conduct of a sexual nature by Ms.

Garrison subjected Owrutsky to a hostile work environment, because of her sex, and therefore discriminated against Owrutsky in a term and condition of employment because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1).

15. The actions of Defendant were intentional and were undertaken with reckless indifference to Plaintiff's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

16. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

    a. Loss of income and benefits;

    b. Humiliation;

    c. Loss of reputation;

    d. Inconvenience; and

    e. Emotion distress.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

    c.    That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e.    That Plaintiff be awarded compensatory damages in an amount to be determined at the trial;

    f.    That Defendant be ordered to pay plaintiff punitive damages;

    g.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

    h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Retaliation

17. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 16, as if fully restated herein.

18. Defendant fired Owrtusky because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, in violation of 42 U.S.C. §2000e-

3(a).

19. Defendant's retaliation was intentional and taken with reckless indifference to Owrutsky's federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

20. As a direct and proximate result of Defendant's intentional and reckless actions, Plaintiff has sustained the injuries set forth below:

    a. Loss of income and benefits;

    b. Humiliation;

    c. Loss of reputation;

    d. Inconvenience; and

    e. Emotional distress.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on the date she was fired;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be ordered to pay plaintiff punitive damages;

g. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/s/ *Ryan M. Carroll*
Ryan M. Carroll
Pa.I.D. #205851
U.S. Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA  15219
(412) 394-4496
rcarroll@edgarsnyder.com

Attorney for Plaintiff